UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARGARET E. SAGER II, and VICTOR J. ALBANESE,<br><br>Plaintiffs,<br>v.<br><br>LV, NV – BALTIMORE, MD SOCIAL SECURITY ADMINISTRATIONS, et al.,<br><br>Defendants. | Case No. 2:16-cv-01706-GMN-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App. – ECF No. 1;<br>Mot. Bring Forth – ECF No. 5) |

This matter is before the court on Plaintiff Margaret E. Sager II's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Motion to Bring Forth $2,000 (ECF No. 5). This Application and Motion are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and of the Local Rules of Practice.

**I.   IN FORMA PAUPERIS APPLICATION (ECF NO. 1)**

Ms. Sager is proceeding in this action *pro se*, which means she is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. Here, Sager has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed IFP will be granted.

The court notes that no IFP application was received for Ms. Sager's son, Victor J. Albanese, whom she names in her initiating documents as a plaintiff. She states her son, who was born in 1986, has been missing since July 4, 2016. She asks that the court award an immediate $50 million dollars and bring her son back. As a general rule, *pro se* parties may not pursue claims

on behalf of others in a representative capacity. *See*, *e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that a parent or guardian may not bring suit in federal court on behalf of their child without first retaining an attorney). Thus, only Sager will be recognized as the plaintiff in the court's analysis.

## II. SCREENING THE COMPLAINT

After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Ms. Sager's Factual Allegations and Claims for Relief

The initiating document is titled "A Request for Immediate Relief" (ECF No. 1-1), which the court will construe as her complaint. The complaint is legible, although difficult to follow, but the court will try to accurately summarize her allegations. She appears to name as defendants LV, NV – Baltimore, MD Social Security Administrations, Zarada from Nevada Legal Services, Nevada State Welfare, Brian Sandoval, Shook & Stone Atty, Tod aka Malcome Lundgren "TV Actor," Aaron James Mitchell, LV, NV and Wash D.C. FBI, Michael G. Simon, and Elks Club.

Ms. Sager alleges that her son, Victor has been missing since July 2016, which she has told

the court in previous actions.[1] She states that she has filed at least 50–60 criminal reports with the police department but no officer or detective has helped her or her son. Since at least 2004, Sager alleges that she and her son have been tortured daily. Defendants and others have forged United States Treasury checks. Members of her family have committed "satanic, sadistic murders." Thus, she asks the court for immediate protection.

Ms. Sager further alleges that defendants keep her and her son from living in their homes. Defendants beat them with broken bones, perform surgeries, including "lobotomies," and place them in facilities such as Rosen Neil, West Care Mental Health Unit, and UMC Mental Ward. They have been shot at, set on fire, put in car accidents, locked up in vacant apartments, and tortured. Thus, she asks that her son be brought to her and defendants be ordered to pay $50 million dollars to give her proper living conditions.

For the reasons discussed below, the court finds that the complaint fails to state a claim upon which relief can be granted

**B. Legal Standard**

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional

---

[1] Both cases Ms. Sager identifies are closed. *See Sager v. U.S. Government et al.*, No. 2:13-cv-00369-MMD-VCF, Order (ECF No. 8) (accepting and adopting report and recommendation that the complaint be dismissed with prejudice as delusional and frivolous); *Sager v. Southwell et al.*, No. 2:13-cv-01235-JAD-CWH, Order (ECF No. 12) (dismissing complaint based on Plaintiffs' failure to pay the filing fee in compliance with the court's order).

scenarios). *Id*. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**C. Analysis**

Ms. Sager's complaint does not provide the statutory basis or legal theory for her claim but she may be attempting to bring a civil rights claim. 42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws of the United States; (2) by a person acting under the color of state law. *West v. Atkins*,

---

[2]  Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

487 U.S. 42, 48–49 (1988).

Sager's allegations do not state which of her constitutional rights were violated. She does not allege that defendants were acting under the color of state law. Defendants appear to be both government and private individuals and entities. Generally, private people and entities not affiliated with a state or municipal government do not act under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Additionally, the allegations do not specifically identify what conduct is attributable to each defendant. A plaintiff must plead that each defendant, through their "own individual actions, has violated the Constitution" to establish liability under § 1983. *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012). Because of these deficiencies, the complaint makes the sort of "bald" and "conclusory" allegations the Supreme Court has determined are insufficient to establish individual liability under § 1983. *See Iqbal*, 556 U.S. at 679–80. The complaint Sager submitted does not provide sufficient allegations of underlying facts to give fair notice to defendants. *See Starr*, 652 F.3d at 1209–11, 1216. The complaint allegations appear fantastic and delusional. However, the court will give her an opportunity to attempt to state a claim, and dismiss the complaint with leave to amend.

If Ms. Sager chooses to file an amended complaint, she must do so by **April 5, 2017**, using the court's civil rights complaint. LSR 2-1 of the Local Rules of Practice states that a "civil rights complaint filed by a person who is not represented by counsel *shall be on the form provided by this Court*." *Id*. (emphasis added). The Clerk of the Court will be directed to mail Sager a blank civil rights complaint along with the instructions for completing the form.

The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim she has showing she is entitled to relief; and (3) a demand for the relief she seeks. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Ms. Sager is advised to support each of her claims with factual allegations, because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. When claims are alleged against multiple defendants, the complaint should clearly indicate which

claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Sager should specifically identify each defendant to the best of her ability, clarify what constitutional right she believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *Id.* She must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

Ms. Sager is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.   MOTION TO BRING FORTH A $2,000 DOLLAR RELIEF (ECF NO. 5)

Ms. Sager's request for relief will be denied as she has not stated a claim on which relief may be granted, and no defendant has been served.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Margaret E. Sager II's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. She is not required to pay the $400 filing fee.

2. Ms. Sager is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.

///

3. The Clerk of the Court shall FILE the Complaint (ECF No. 1-1) but **SHALL NOT** issue summons.

4. The Complaint is DISMISSED with leave to amend for a failure to state a claim upon which relief can be granted. Ms. Sager will have until **April 5, 2017**, to file her amended complaint, if she believes he can correct the noted deficiencies.

5. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Ms. Sager shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page in the caption, and shall place the case number, 2:16-cv-01706-GMN-PAL, in the space for "Case No."

7. Ms. Sager's failure to comply with this Order by filing an amended complaint before the **April 5, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.

8. The Motion to Bring Forth $2,000 (ECF No. 5) is DENIED.

Dated this 3rd day of March, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE