UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARGARET E. SAGER, <br><br> Plaintiff, <br> v. <br><br> LVNV-BALTIMORE SOCIAL SECURITY ADMINISTRATION, et al., <br><br> Defendants. | Case No. 2:16-cv-01706-GMN-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff Margaret E. Sager II's failure to comply with the court's Order to Show Cause (ECF No. 10).[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Plaintiff is proceeding in this action *pro se* and filed a Complaint (ECF No. 7) on March 6, 2017. Although Victor Albanese is listed in the case caption he did not submit an application to proceed *in forma pauperis*. The court issued a Screening Order (ECF No. 6) granting Ms. Sager permission to proceed *in forma pauperis* and screening the complaint pursuant to 28 U.S.C. § 1915(e). The undersigned found that the complaint failed to state a valid claim and allowed Ms. Sager until April 5, 2017, to file an amended complaint. The Screening Order warned Ms. Sager that a failure to file an amended complaint addressing the deficiencies explained by the court may result in a recommendation to the district judge that this case be dismissed. However, she failed to file an amended complaint before the April 5, 2017 deadline.

---

[1] As noted in the Screening Order (ECF No. 6), Ms. Sager named her son, Victor J. Albanese, as a plaintiff in this action. However, Mr. Albanese did not submit an application to proceed *in forma pauperis* or otherwise make an appearance. As a *pro se* party, Ms. Sager may not pursue claims on behalf of her son in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Thus, only Sager is recognized as a plaintiff in this case.

1

| | |
|---|---|
|1| A review of the docket indicates that the Screening Order (ECF No. 6) was returned as|
|2| undeliverable. As such, on April 26, 207, the court entered an Order to Show Cause (ECF No. 10)|
|3| directing Plaintiff to show cause, in writing, no later than May 17, 2017, why this matter should|
|4| not be dismissed for a failure to file an amended complaint, and her failure to keep the court|
|5| apprised of her current address. She was also informed that filing an amended complaint and|
|6| providing a current address would satisfy the court that sanctions are not warranted and no further|
|7| response would be required. Plaintiff was again warned that a failure to show cause in writing or|
|8| file an amended complaint would result in a recommendation to the district judge that this case be|
|9| dismissed. A review of the docket shows that the Order to Show Cause (ECF No. 10) was served|
|10| by mail on April 26, 2017 and has not been returned as undeliverable. To date, Plaintiff has not|
|11| filed an amended complaint, advised the court of any change in address, requested an extension of|
|12| time, or taken any other action to prosecute this case.|
|13| Accordingly,|
|14| **IT IS RECOMMENDED** that Plaintiff's Complaint (ECF No. 7) be DISMISSED without|
|15| prejudice.|
|16| **IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close|
|17| this case and enter judgment accordingly.|
|18| Dated this 2nd day of June, 2017.|

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. See Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and

| | |
|---|---|
| 1 | authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. |
| 2 | § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate |
| 3 | Judge's Report of Findings and Recommendation," and it is subject to the page limitations found |
| 4 | in LR 7-3(b). The parties are advised that failure to file objections within the specified time may |
| 5 | result in the district court's acceptance of this Report of Findings and Recommendation without |
| 6 | further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, |
| 7 | failure to file timely objections to any factual determinations by a magistrate judge may be |
| 8 | considered a waiver of a party's right to appellate review of the findings of fact in an order or |
| 9 | judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th |
| 10 | Cir. 1991); Fed. R. Civ. Pro. 72. |